IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| OMEGA DEMETRIUS DUPONT, | |
| Petitioner, | CIVIL ACTION NO.: 2:24-cv-41 |
| v. | |
| WARDEN G. SWANEY, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner Omega Dupont ("Dupont"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and Dupont filed a Response.  Docs. 14, 16.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Dupont's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Dupont *in forma pauperis* status on appeal.

## BACKGROUND

Dupont was convicted in the District Court for the Southern District of Florida of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), on October 25, 2021.  Doc. 14-2 at 22, 40.  Dupont has a projected release date of August 13, 2025, via good conduct release, and a home detention eligibility date of February 13, 2025.  Id. at 40.

In his Petition, Dupont seeks to have credit applied against his federal sentence because, at the time he was sentenced in federal court, he had State charges pending against him. Doc. 1 at 7. Respondent contends Dupont concedes he failed to exhaust his administrative remedies. In addition, Respondent contends Dupont has had all the time he is entitled to credited against his federal sentence. Doc. 14 at 1.

## DISCUSSION

**I.     Dupont Did Not Exhaust Available Administrative Remedies**

**A.     Legal Requirements for Exhaustion**

The Eleventh Circuit Court of Appeals has held a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . .'" Id. (citing Santiago-Lugo, 785 F.3d at 475). Additionally, the United States Supreme Court has "held that the PLRA's ["Prison Litigation Reform Act's"] text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 578 U.S. 632, 639 (2016).

Exhaustion of administrative remedies must occur first in the agency setting to allow "the agency [to] develop the necessary factual background upon which decisions should be based" and to give "the agency a chance to discover and correct its own errors." Green v. Sec'y for

Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)).  Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Woodford v. Ngo, 548 U.S. 81, 93 (2006).[1]

The Supreme Court has noted exhaustion must be "proper."  Id. at 92.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 90–91.  In other words, an institution's requirements define what is considered exhaustion.  Jones v. Bock, 549 U.S. 199, 218 (2007).  It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate.  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Varner v. Shepard, 11 F.4th 1252, 1264 (11th Cir. 2021) (noting there is no futility exception for the PLRA's exhaustion of administrative remedies requirement), cert. denied, 142 S. Ct. 1172 (2022).  The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit.  Higginbottom, 223 F.3d at 1261.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process.  Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take

---

[1]  Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits."  Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted).  Thus, exhaustion requirements are applicable to habeas petitions.

each step within the administrative process.'" (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

### B. Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because exhaustion "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" lower courts must employ when examining the issue of exhaustion of administrative remedies.[2] First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact,

---

[2]   Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner is no less applicable to a § 2241 proceeding. See Nichols v. Warden, FCC Coleman-Low, 458 F. App'x 844, 845 (11th Cir. 2012) (finding exhaustion is jurisdictional in § 2241 decisions and remanding with instructions to dismiss); see also McCoy v. Glidewell, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition).

4

it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

### C.  Analysis of Dupont's Efforts at Exhaustion

Respondent asserts Dupont concedes he has not exhausted his administrative remedies because he states he did not appeal the credit issue he raises in his Petition with the Office of General Counsel, i.e., the third and final step in the process. Doc. 14 at 4. Respondent states Dupont's concession is enough for this Court to find a lack of exhaustion.

Dupont notes he did not file an appeal beyond the regional level (or the second step in the process). Doc. 1 at 3, 4 (checking "No" in the box asking for third appeal and explaining his Petition is his "third time appealing."). However, Dupont asserts he filed an appeal regarding his credit request with the Regional Office in February 2023 and did not receive a response until October 2023. Doc. 16 at 1. Dupont also asserts the wording of the response at the Regional level was inconclusive, which misled him to wait for further response at that level. Id. at 2. Dupont further asserts he sent an appeal to the Office of General Counsel in October 2023 but only provided his response at the Warden's level because he had not yet received his response from the Regional office. Id.

The BOP has established an administrative remedy procedure through which an inmate may seek review of a grievance related to any aspect of his imprisonment. 28 C.F.R. § 542.10 *et seq*. The Administrative Remedy Program applies to all inmates incarcerated in penal institutions operated by the BOP. § 542.10(b). Under the applicable Regulations, an inmate

must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff. § 542.13(a). If this does not resolve the matter, an inmate must submit a formal written administrative remedy request ("BP-9") within 20 calendar days of the incident giving rise to the grievance. § 542.14(a). If unsatisfied with the Warden's response, an inmate may appeal with the Regional Director ("BP-10") within 20 days of the Warden's response. § 542.15(a). If dissatisfied with the Regional Director's response, an inmate may take a final appeal ("BP-11") to the BOP's Office of General Counsel in Washington, D.C., within 30 days of when the Regional Director signed the response. Id. The inmate must include a copy or duplicate original of the BP-9 and BP-10 with the BP-11 appeal. § 524.15(b)(1). Appeal to the BOP's Office of General Counsel is the final step in the BOP's administrative remedy process. § 542.15(a). Inmates must complete all three steps of the administrative remedies process to have exhausted his administrative remedies.

A submission at any of these levels can be rejected, with notice to the inmate why the submission was rejected and, if correctable, to allow the inmate a reasonable time for re-submission. § 542.17(b). When an appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection. § 542.17(c). In addition, an inmate may be given an extension of time upon a showing of a "valid reason for the delay[.]" § 524.14(b).

The evidence before the Court reveals Dupont has not completed the administrative remedies process regarding his request for credit raised in his Petition. In fact, the evidence reveals Dupont has filed four administrative remedies related to the issue he raises in his Petition: Administrative Remedy Number 1147455-F1 (BP-9 at institutional level), logged in on January 11, 2023; Administrative Remedy Number 1151492-R1 (BP-10 at regional level),

logged in on February 2, 2023; Administrative Remedy Number 1147455-R1 (BP-10 at regional level), logged in on March 8, 2023; and Administrative Remedy Number 1147455-A1 (BP-11 at Central Office level), logged in on October 19, 2023. Doc. 14-1 at 2, 3. The Warden responded to Number 1147455-F1 on January 17, 2023, and Dupont received the response on January 23, 2023. Doc. 1 at 11. Dupont then appealed the Warden's response to the Regional level (Number 1147455-R1) and, by response dated June 9, 2023, the Regional Director told Dupont he would be advised of the status of his *nunc pro tunc* designation request once the sentencing court responded to the request. The Regional Director also informed Dupont he had the option of filing an appeal of this response and the appeal had to be received in the Office of General Counsel within 30 calendar days of the Regional Director's response, or by July 9, 2023. Id. at 12. Dupont's appeal was received in the Office of General Counsel on October 19, 2023, and was rejected on November 6, 2023, because the appeal was untimely and Dupont did not include a copy of his BP-9 or of his BP-10, as required. Doc. 14-1 at 3, 13.

The evidence before the Court shows Dupont initiated the administrative remedies process but did not complete it, as required. In fact, Dupont acknowledges this by only listing his appeal at the Regional level and by stating his Petition is his "third time appealing." Doc. 1 at 3–4. Dupont does not dispute he was informed why his appeal to the Office of General Counsel was rejected—not complying with the time and submission requirements. Though it is unclear whether Dupont was informed he could correct the reasons for rejection and resubmit his appeal (a copy of the actual appeal response would have been helpful in this regard), what is clear is he either could have resubmitted his appeal after providing a "valid reason" for his untimeliness and copies of his BP-9 and BP-10 or could have appealed the rejection. §§ 542.15(b)(1), 542.17(b), (c). Instead, Dupont filed nothing after the appeal rejection for

7

Remedy Number 114755-A1 on November 6, 2023.  See Doc. 14-1.  Thus, Dupont did not exhaust his administrative remedies within the meaning of the Regulations and case law.  Bryant, 530 F.3d at 1378 (noting all steps in the administrative remedies process must be completed before a party files a cause of action with a court).

Consequently, the Court should **GRANT** Respondent's Motion and **DISMISS without prejudice** Dupont's Petition based on his failure to exhaust his available administrative remedies prior to the filing of his § 2241 Petition.  It is unnecessary to address the remaining ground of Respondent's Motion.  Holdago v. United States, Civil Action No.: 5:19-cv-9, 2019 WL 5681217, at *3 (S.D. Ga. Oct. 31, 2019) (finding it unnecessary to address alternative grounds in motion for dismissal where petitioner failed to exhaust his available administrative remedies), adopted by 2019 WL 6353869 (S.D. Ga. Nov. 26, 2019).

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Dupont leave to appeal *in forma pauperis*.  Though Dupont has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Dupont's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Dupont's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Dupont *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 9th day of September, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA